# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIE FRANK BLOUNT JR.,**

                              **Plaintiff,**

**v.**                                                  **Case No.  6:16-cv-1972-Orl-18GJK**

**JIM HODGE, JOHN DOE,**
**and JANE DOE,**

                            **Defendants,**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**     APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2) |
| **FILED:**     **November 10, 2016** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**. |

On November 10, 2016, *pro se* Plaintiff Willie Frank Blount Jr. instituted this action by filing a Civil Rights Complaint Form. Doc. No. 1. Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs on the same day.  Doc. No. 2.

## I.    APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1]  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.* Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[1]Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

2

### A.  Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[2] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.  Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Board*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327.

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

## II.      ANALYSIS

In the Civil Rights Complaint Form, under the section for the statement of facts, Plaintiff

alleges the following:

> I went to the radio station 88.3 to ask if they would play my
> wife's CD which had just been released. Enter[]ing the
> office, both the rece[]ptionist [sic] took my CD with joy . . .
> Then some manager at the station came out of his office
> asking what [unintelligible], I their for [sic] and ect. [sic] . .
> Very rud[e]ly . . . I ignored is action and still pursued my
> purpose. I[n] the middle of my explaining, John Doe office
> mgr. was walking towards and verbally telling me they
> would contact me, that it had to go before the board, and
> the Lyrics [sic] of the song must be viewed. Forcefully
> pushing me out the door in a nice nasty way and then
> shutting the door. Well it's been a year now, and I went by
> to ask why we haven't heard the song over the air? A week
> goes by and the called [sic] to some more information
> about the CD [sic]. . . Then a week later we w[]ere told that
> because the song was not a hit, they couldn't play it. Well,
> if it's not played then how could the people here [sic] it? A
> verbally contract is in fact a law . . .  A Agreement [sic]

Doc. No. 1 at 5-6 (emphasis in original). Plaintiff seeks one million dollars "and for them to play the

CD. As random as possible." *Id.* at 7.

Although Plaintiff makes conclusory allegations that his federal and state constitutional rights

were infringed, he fails to provide any factual allegations providing a basis for federal jurisdiction.

*See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and

plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting

forth the bases for federal question and diversity jurisdiction in the federal district courts).

There is some phrasing in the Form that indicates that Plaintiff may believe he has a breach of

contract action. "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance;

4

(3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). From Plaintiff's description of the events, even if there was an offer and acceptance, there was no consideration or specification of essential terms. Without these two elements, a contract was not formed between Plaintiff and the Defendants.

Because Plaintiff failed to allege any basis for federal jurisdiction and his claim is indisputably meritless, the undersigned recommends that the Court enter an order denying the Motion and dismissing the case.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2);

2. **DISMISS** the case; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on November 16, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party

5